Filed 10/20/22  In re L.B. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re L.B., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B317426 (Super. Ct. No. 19JV-00233) (San Luis Obispo County) |
| THE PEOPLE,    Plaintiff and Respondent, v. L.B.,    Defendant and Appellant. | |

L.B. appeals from a restitution order entered as a condition of deferred entry of judgment (DEJ) after he admitted a felony vandalism allegation.  (Pen. Code, § 594, subd. (b)(1).)  He contends the juvenile court erred in failing to consider the negative impact of the $126,640.07 restitution amount on his rehabilitation.  We affirm.

FACTUAL AND PROCEDURAL HISTORY

In 2019, 12-year-old L.B. trespassed on Keith Garl's property and drove a tractor into several pieces of equipment, causing damage. The district attorney filed a Welfare and Institutions Code[1] section 602 petition alleging one count of felony vandalism against L.B. (Pen. Code, § 594, subd. (b)(1)).

The district attorney subsequently filed notice of L.B.'s eligibility for DEJ. L.B. admitted the vandalism count. The juvenile court granted DEJ pursuant to section 790. As a condition of DEJ, the court ordered L.B. and his parents to pay direct victim restitution.

In 2021, the juvenile court held a restitution hearing. Garl testified regarding the damage to his equipment and property, and he submitted photographic evidence. He estimated the amount for repairing and cleaning his property as follows: $51,393.37 for equipment repairs, $4,130 for fence repair, $654.75 for tractor tire repair, and $70,461.95 for cleanup of oil and fuel that was spilled onto his property. Garl submitted documents of the estimates he obtained from repair and fuel cleanup companies. Garl also estimated $36,000 for rental loss due to wood storage in a rental space for one year, and $77,000 in lost profits for firewood sales.

The juvenile court found Garl established a prima facie case for damages with respect to "the equipment, the fence, and the tire" and for the cleanup costs for the oil and fuel spill. It found that Garl did not establish a prima facie case for the loss of income from firewood sales or rental income. The juvenile court ordered L.B. to pay a total of $126,640.07 to Garl for the property

_____

[1] Further unspecified statutory references are to the Welfare and Institutions Code.

damage, with his parents jointly and severally liable for a portion of that total amount pursuant to section 730.7, subdivision (a).

DISCUSSION

L.B. argues that the restitution order should be reversed because the court failed to consider his rehabilitation goals in setting a fair amount. We disagree.

Section 730.6 provides that a victim "who incurs an economic loss as a result of the minor's conduct shall receive restitution directly from that minor." (§ 730.6, subd. (a)(1).) The "court shall order the minor to pay . . . [¶] . . . [¶] . . . [r]estitution to the victim . . . in accordance with subdivision (h)." (*Id.* at subd. (a)(2)(B).) Subdivision (h) provides that a "restitution order . . . to the extent possible, shall identify . . . the amount of each victim's loss to which it pertains, and shall be of a dollar amount sufficient to fully reimburse the victim or victims for all determined economic losses incurred as a result of the minor's conduct . . . including all of the following: [¶] (A) Full or partial payment for the value of stolen or damaged property. The value of stolen or damaged property shall be the replacement cost of like property, or the actual cost of repairing the property when repair is possible."

We review a trial court's order of direct victim restitution for abuse of discretion. (*Luis M. v. Superior Court* (2014) 59 Cal.4th 300, 305.) Victims of crimes have a constitutional right to restitution. (Cal. Const., art. I, § 28, subd. (b), par. (13).) "'A victim's restitution right is to be broadly and liberally construed.' [Citation.] "When there is a factual and rational basis for the amount of restitution ordered by the trial court, no abuse of discretion will be found by the reviewing court."' [Citations.]" (*In re Johnny M.* (2002) 100 Cal.App.4th 1128, 1132.)

3

Here, the trial court did not abuse its discretion in setting the direct victim restitution amount. Garl testified to the extent of damages and provided photographic evidence. He also presented documents establishing his economic losses, including estimates he obtained for repairs and cleanup on his property. The court "evaluated the testimony of the witnesses, the evidence presented, including multiple photographs," and found Garl's testimony "credible in many respects." Because there is a """"factual and rational basis"""" for the restitution ordered, we conclude there was no abuse of discretion. (*In re Johnny M.*, *supra*, 100 Cal.App.4th at p. 1132.)

L.B. contends the amount of restitution is "unusually harsh [and] burdensome" and negatively impacts his rehabilitation. But the court was not required to consider these factors in determining the amount of restitution. The court "shall order full restitution unless it finds compelling and extraordinary reasons for not doing so, and states them on the record. A minor's inability to pay shall not be considered a compelling or extraordinary reason not to impose a restitution order, nor shall inability to pay be a consideration in determining the amount of the restitution order." (§ 730.6, subd. (h)(1).) The amount "shall be of a dollar amount sufficient to *fully reimburse* the victim . . . for all determined economic losses incurred as a result of minor's conduct." (*Ibid.*, emphasis added.) Here, as required by section 730.6, subdivision (h)(1), the court determined Garl's economic losses and ordered restitution to reimburse him for repairs and cleanup expenses stemming from the damage to his equipment and property caused by L.B.'s vandalism. L.B. did not present any compelling or extraordinary reasons not to do so.

DISPOSITION

The restitution order is affirmed.

<u>NOT TO BE PUBLISHED.</u>


BALTODANO, J.


We concur:



GILBERT, P. J.



YEGAN, J.

5

Linda D. Hurst, Judge

Superior Court County of San Luis Obispo

_____

Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Rama R. Maline, Deputy Attorneys General, for Plaintiff and Respondent.